## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SUSAN BALL and JAN WITTERIED, | ) | |
| Administrators of the Estate of Donald Hedstrom, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  08 CV 1613 |
| v. | ) | Honorable Judge Dow |
| | ) | Magistrate Judge Maria Valdez |
| CHERIE KOTTER, THE KOTTER FAMILY | ) | |
| TRUST, and HOPE GELDES, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

### DEFENDANT HOPE GELDES' ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Hope Geldes ("Defendant"), by and through her counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and for her Answer to Plaintiff's Complaint, states as follows:

### STATEMENT OF THE CASE

1.      The estate of Donald Hedstrom ("the Estate"), by and through the Estate's administrators, seeks to recover for harms suffered in the course of two residential real estate transactions involving condominiums located in the Lake Point Towers Building on 505 N. Lakeshore Avenue.

**ANSWER: Defendant denies that Plaintiff has "suffered" any "harms" in the course of the identified residential real estate transactions.  Defendant has insufficient knowledge to either admit or deny the remaining allegations set forth in Paragraph 1 of the Complaint.**

### PARTIES

2.      Prior to his death, Plaintiff Donald Hedstrom was a resident of Naples, Florida.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.**

489516.1

3.      Susan Ball and Jan Witteried are the daughters of Donald Hedstrom and are the duly appointed administrators of the estate of Donald Hedstrom.  A true and accurate copy of the letters of administration is attached hereto as Exhibit ("Ex.") 1.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.**

4.      Ms. Ball and Ms. Witteried are both residents of Indiana.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.**

5.      Defendant Cherie Kotter is a resident of either Chicago, Illinois or Vincennes, Indiana.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.**

6.      Ms. Kotter is a real estate broker licensed in Illinois.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.**

7.      Cherie Kotter is the sole trustee and sole settler of the Kotter Family Trust.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.**

8.      Defendant Hope Geldes is a resident of Oak Park, Illinois.

**ANSWER: Defendant admits the allegations set forth in Paragraph 8 of the Complaint.**

9.      Ms. Geldes is licensed to practice law in Illinois.

**ANSWER: Defendant admits the allegations set forth in Paragraph 9 of the Complaint.**

489516.1

10.    The real property that is part of the subject matter of this suit is located at 505 N. Lakeshore Drive, Chicago, Illinois.

**ANSWER: Defendant admits the allegations set forth in Paragraph 10 of the Complaint.**

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000 and no Plaintiff is a resident of the same state as any Defendant;

**ANSWER: Defendant denies the allegations set forth in Paragraph 11 of the Complaint.**

12.    Venue in this Court is proper under 28 U.S.C. § 1391 in that all defendants reside within the Northern District of Illinois.

**ANSWER: Defendant denies the allegations set forth in Paragraph 12 of the Complaint.**

## FACTS

13.    On or about July 1, 2006 Donald Hedstrom determined to purchase two condominium units located in the Lake Point Tower building at 505 N. Lakeshore Drive, Chicago, Illinois.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.**

14.    Mr. Hedstrom intended to take title jointly with his former wife, Ms. Cherie Kotter, and to have the use and enjoyment of both two condominium units during his lifetime.

**ANSWER: Defendant admits that Mr. Hedstrom intended to take title jointly with his former wife, Ms. Cherie Kotter.  Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint.**

489516.1

15.    Mr. Hedstrom further intended to retain an ownership interest in each of the two Lake Point Tower condominium units and specifically provided for such an interest to pass to his estate upon his death and pursuant to his last will and testament.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 15 of the Complaint.**

**UNIT 4705**

16.    On July 18, 2006 Donald Hedstrom entered into a contract with Ricardo Manera to purchase of a condominium known as "unit 4705" in the Lakepoint Towers building at 505 North Lakeshore Drive, Chicago, IL.  A true and accurate copy of the sales contract for this transaction is attached hereto as Ex. 2.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 16 of the Complaint.**

17.    Ms. Cherie Kotter worked as Mr. Hedstrom's broker for the purchase of unit 4705.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 17 of the Complaint.**

18.    On July 26, 2006 attorney Hope Geldes agreed act as Mr. Hedstrom's attorney in connection with the purchase of unit 4705.  A true and accurate copy of the letter confirming Ms. Geldes' engagement is attached hereto as Ex. 3.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 18 of the Complaint**.

19.    Mr. Hedstrom provided more than $600,000 for the purchase and payment of buyer's fees for unit 4705.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.**

20.    Ms. Geldes' July 26, 2006 letter did not disclose that she would represent or was representing any party in connection with the purchase of unit 4705 other than Mr. Hedstrom.

489516.1

**ANSWER:  Defendant denies that she represented any party in connection with the purchase of unit 4705 other than Mr. Hedstrom.  Further answering, the July 26, 2006 letter is a document which speaks for itself.  Defendant denies the allegations in Paragraph 20 of the Complaint to the extent that they are inconsistent with that document.**

21.     Although requested by the Estate through Ms. Ball and Witteried to provide all of her files for the unit 4705 transaction to the Estate's attorneys, Ms. Geldes provided no documentation of any communication in which she disclosed to Mr. Hedstrom that she was representing or would represent any other party to that transaction.

**ANSWER:    Defendant admits that she provided no documentation of any communication in which she stated to Mr. Hedstrom that she represented any other party to that transaction.  Defendant denies the remaining allegations set forth in Paragraph 21 of the Complaint.**

22.     In exchange for her representation of Mr. Hedstrom with respect to the purchase of unit 4705, Ms. Geldes accepted a fee from Mr. Hedstrom.

**ANSWER:   Defendant admits the allegations set forth in Paragraph 22 of the Complaint.**

23.     Ms. Geldes represented other parties in the purchase of unit 4705 but, on information and belief, never disclosed these relationships or the possible conflicts of interest resulting from them to Mr. Hedstrom.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 23 of the Complaint.**

24.     On July 31, 2006, Ms. Geldes received an e-mail from Mr. Hedstrom directing her to structure the purchase of unit 4705 and another condo unit at 505 N. Lakeshore Drive ("unit 1518") so that Mr. Hedstrom and Ms. Geldes would own each unit "jointly."  A true and accurate copy of this e-mail is attached hereto as Ex. 4.

**ANSWER:  Defendant admits receiving Ex. 4 from Mr. Hedstrom on or about July 31, 2006.  Defendant denies the remaining allegations set forth in Paragraph 24 of the Complaint.**

489516.1

25.    At 10;04 a.m. on August 1, 2006 Ms. Geldes sent an e-mail to Mr. Hedstrom and Ms. Kotter, in which Ms. Geldes indicated that she wanted to speak with Mr. Hedstrom to clarify under which of the various forms of "joint ownership" Mr. Hedstrom intended to take title to unit 4705 and unit 1518.  A true and accurate copy of this e-mail is attached hereto as Ex. 5.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 25 of the Complaint.**

26.    Less than one-half hour later, at 10:31 a.m. on August 1, 2006, Ms. Kotter e-mailed a response to Ms. Geldes' e-mail, but did not send a copy of her response to Mr. Hedstrom.  A true and accurate copy of this e-mail is attached hereto as Ex. 6.

**ANSWER: Defendant admits that less than one-half hour later, at 10:31 a.m. on August 1, 2006, Ms. Kotter e-mailed a response to Ms. Geldes' e-mail.  Defendant has insufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the Complaint.**

27.    Ms. Geldes provided the files she maintained during her representation of Donald Hedstrom in the purchase of real estate at 505 N. Lakeshore Drive to the Estate.  These files disclose no communications in which Ms. Geldes informed Mr. Hedstrom of the ramifications of the various forms of "joint ownership" under which Mr. Hedstrom could take little of the two units.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 27 of the Complaint.**

28.    Through her August 1, 2006 e-mail, Ms. Kotter directed Ms. Geldes to place title to the 4705 unit with herself and Mr. Hedstrom as "joint tenants with right of survivorship.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 28 of the Complaint.**

29.    Unit 4705 was transferred to Mr. Hedstrom and Ms. Geldes as joint tenants with right of survivorship in August 2006.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 29 of the Complaint.**

30.    Ms. Kotter took a broker's commission on the purchase of unit 4705.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 30 of the Complaint.**

31.    Ms. Kotter transferred the title of unit 4705 to Larry Peckler via a warranty recorded October 5, 2007.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.**

### UNIT 1518

32.    Ms. Kotter served as the broker for the purchase of unit 1518.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 32 of the Complaint.**

33.    Ms. Geldes represented Mr. Hedstrom in the purchase of unit 1518.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 33 of the Complaint.**

34.    Ms. Geldes represented both Mr. Hedstrom and Ms. Kotter with respect to the purchase of unit 1518.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 34 of the Complaint.**

35.    Mr. Hedstrom paid all of Ms. Geldes' fees with respect to the purchase of unit 1518.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 35 of the Complaint.**

36.    Mr. Hedstrom provided the purchase money and paid the buyer's fees for the purchase of unit 1518.

**ANSWER: Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.**

37.    Although Mr. Hedstrom intended to take title to unit 1518, he received no legal interest in unit 1518.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 37 of the Complaint.**

38.    Title was registered to "the Kotter family trust" at the direction of Ms. Kotter and Ms. Geldes.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 38 of the Complaint.**

## COUNT I

### Breach of Fiduciary Duty by a Real Estate Broker

**ANSWER:    Defendant makes no answer to the allegations in Count I of the Complaint as those allegations are not directed to her.  To the extent that an answer is deemed necessary by the Court, those allegations are denied.**

## COUNT II

### Legal Malpractice

47.    Plaintiffs reallege ¶¶ 1-49 as though fully set forth herein.

**ANSWER:  Defendant restates her answers to Paragraphs 1-49 as though fully set forth herein.**

48.    Ms. Geldes served as Mr. Hedstrom's attorney with respect to the purchase of unit 4705 and unit 1518.

**ANSWER:    Defendant admits the allegations set forth in Paragraph 48 of the Complaint.**

49.    Ms. Geldes also represented other parties to the purchase of unit 4705 and unit 1518.

489516.1

**ANSWER:**    **Defendant denies the allegations set forth in Paragraph 49 of the**

**Complaint.**

50.    Based on the lack of any documentation in Ms. Geldes' files for the unit 4705 and unit 1518 transactions of any communication disclosing her representation of other parties to the purchase of these units, plaintiffs are informed and believe that Ms. Geldes failed to disclose these relationships to Mr. Hedstrom.

**ANSWER:**    **Defendant denies the allegations set forth in Paragraph 50 of the**

**Complaint.**

51.    Ms. Geldes had a duty to represent the interests of Mr. Hedstrom with respect to the purchase of unit 4705 unit 1518.

**ANSWER: The allegations set forth in Paragraph 51 of the Complaint are a**

**conclusion of law to which no answer is required.**

52.    Ms. Geldes knew or should have known that Mr. Hedstrom's interests could be affected by the form in which he took title to units 4705 and 1518.

**ANSWER:    Defendant objects to the allegations in Paragraph 52 of the Complaint**

**on the ground that they are so vague and ambiguous that a knowing answer is impossible.**

**To the extent that an answer is deemed necessary by this Court, the allegations in**

**Paragraph 52 are denied.**

53.    A reasonable attorney in Ms. Geldes' position would have recognized that Ms. Kotter's direction to place title in unit 4705 as "joint tenants with right of survivorship," given without apparent notice to Mr. Hedstrom, place the interest of Mr. Hedstrom and Ms. Kotter in direct conflict.

**ANSWER:    Defendant denies the allegations set forth in Paragraph 53 of the**

**Complaint.**

54.    Ms. Geldes had a duty either to disclose the conflict of interest between her clients with respect to the purchase of unit 4705 or to withdraw her representation as to both clients.

489516.1

**ANSWER:     Defendant denies the allegations set forth in Paragraph 54 of the Complaint.**

55.     A reasonable real estate attorney in Ms. Geldes; position would have recognized that Ms. Kotter's direction to place title in unit 1518 in her own name placed the interests of Mr. Hedstrom and Ms. Kotter in direct conflict.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 55 of the Complaint.**

56.     Ms. Geldes had a duty either to disclose the conflict of interest between her clients with respect to the purchase of unit 1518 or to withdraw her representation as to both clients.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 56 of the Complaint.**

57.     Ms. Geldes accepted Ms. Kotter's directions with respect to unit 4705 and unit 1518.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 57 of the Complaint.**

58.     Based on the lack of any documentation in Ms. Geldes' files regarding the unit 4705 and unit 1518 transactions of any communication disclosing her representation of other parties to the purchase of these units, plaintiffs are informed and believe that Ms. Geldes never disclosed the legal effect of Ms. Kotter's directions with respect to the manner in which title in those units was to be held to Mr. Hedstrom.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 58 of the Complaint.**

59.     As a result of Ms. Geldes' actions and omissions, Mr. Hedstrom understood that his estate would retain a legal interest in unit 4705 upon his death.

**ANSWER:     Defendant denies the allegations set forth in Paragraph 59 of the Complaint.**

489516.1

60.    A reasonable attorney in Ms. Geldes' position would have recognized that there is a legal presumption of fraud when a person serves as a broker with respect to a real estate transaction and also takes title to the property.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 60 of the Complaint.**

61.    A reasonable attorney in Ms. Geldes' position would either have informed Mr. Hedstrom about the presumption of fraud arising from the nature of the purchase arrangements for unit 4705 or 1518, or withdrawn as counsel.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 61 of the Complaint.**

62.    As a result of Ms. Geldes actions and omissions, Ms. Geldes permitted Mr. Hedstrom to be deprived of any interest in two parcels of real property in which he intended to retain an ownership interest, and for which he paid more than $1 million in aggregate.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 62 of the Complaint.**

## AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defense, Defendant HOPE GELDES states the following:

1.    Plaintiff has failed to properly plead the subject matter jurisdiction of this Court.

2.    Plaintiff has failed to mitigate his damages.

3.    Plaintiff has failed to join an indispensable party.

4.    Plaintiff's claims are barred in whole or in part by the superseding and/or intervening cause of subsequent counsel.

5.    Plaintiff's claims are barred by the doctrines of unclean hands and *in pari delicto*.

6.    Plaintiff's claims are barred by the doctrine of judicial estoppel.

7.    Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

489516.1

WHEREFORE, Defendant HOPE GELDES respectfully requests that this Court enter an order dismissing Plaintiff's Complaint with prejudice and without costs, and for any other relief that this Court deems just and equitable.

Respectfully submitted,

**HOPE GELDES,**

By: /s/ Daniel E. Tranen

Daniel E. Tranen, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
120 North LaSalle Street- Suite 2600
Chicago, IL  60602
Telephone:  (312) 704-0550
Facsimile:  (312) 704-1522
daniel.tranen@wilsonelser.com
*Attorney for Defendant Hope Geldes*

12

489516.1

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that on **<u>May 27, 2008</u>**, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

              Jan Michaels,
              John Duczynski
              Jeremy Schulze
              Michaels & May, P.C.
              Sears Tower
              233 S. Wacker Drive, Suite 5620
              Chicago, IL 60606


                  By:__/s/ Daniel E. Tranen_____

13