**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUSAN BALL and JAN WITTERIED, ) <br> Administrators of the Estate of Donald Hedstrom ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHERIE KOTTER, THE KOTTER FAMILY ) <br> TRUST, and HOPE GELDES, ) <br> ) <br> Defendants. ) | Case No. 08-cv-1613 <br><br> Judge Robert M. Dow, Jr. <br> Magistrate Judge Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

On August 12, 2009, Magistrate Judge Valdez entered an order [72] granting in part and denying in part Plaintiffs' motion to compel production of documents and open expert discovery [68]. Magistrate Judge Valdez denied Plaintiffs' request that expert discovery be re-opened. With respect to Plaintiffs' request that Defendant Hope Geldes update her discovery responses and produce certain documents, Magistrate Judge Valdez ordered Geldes to provide Plaintiffs, within seven days, an affidavit certifying that all relevant discovery had been produced. Prior to issuing that order, Magistrate Judge Valdez took extensive briefing [68, 69, 70, 71] and held a hearing [72] on the motion. Currently before the Court are Plaintiffs' objections to the August 12, 2009 order [75], Defendants Cherie Kotter and The Kotter Family Trust's response [81], Defendant Hope Geldes' response [82], and Plaintiffs' reply [83]. For the reasons stated below, the Court overrules Plaintiffs' objections [75] and affirms Magistrate Judge Valdez's order.

**I.   Background**

On October 8, 2008, this Court referred this case to Magistrate Judge Valdez for discovery supervision and all discovery motions. [See 29.] Magistrate Judge Valdez entered a

scheduling order [35] on October 28, 2008, that, among other things, required Plaintiffs to disclose their experts on or before January 30, 2009. The scheduling order also set a January 30, 2009 deadline for the close of fact discovery, and ordered that all discovery be completed by March 31, 2009. Over the course of her supervision of discovery in this matter, Magistrate Judge Valdez has conducted nine status or motion hearings [30, 35, 39, 40, 41, 53, 59, 66, 72].

Plaintiffs did not disclose any experts by the January 30, 2009 deadline. On March 4, 2009, Magistrate Judge Valdez held a status conference. When it became apparent that the parties would not be able to meet the existing discovery deadlines, Judge Valdez advised that they had "a couple of options." They either could agree in writing to extend discovery or file a motion with the Court. At the same status conference, Judge Valdez asked the parties whether they "still anticipate[d] expert discovery." Plaintiffs' attorney, Mr. Schulze, replied that Plaintiffs "would be proposing one."

However, Plaintiffs did not disclose any experts between the March 4 status conference and the subsequent status conference on May 5, 2009. Nor did the parties avail themselves of either option set out by Judge Valdez at the prior status. At the May 5 hearing, counsel for Defendant Geldes stated for the record Defendant Geldes's position that discovery had closed and should not be reopened for experts. The following exchange between Magistrate Judge Valdez and Plaintiffs' counsel ensued:

> Magistrate Judge Valdez: Well, from my understanding is you haven't identified experts and don't intend to; is that correct?
>
> Mr. Schulze: Right; no party has identified an expert.
>
> Magistrate Judge Valdez: That's what I understood.
>
> Mr. Schulze: Yeah.

> Magistrate Judge Valdez: All right. So we have a little bit of leftover, that's all, and that would be based on any responses that have not yet been provided to you.
>
> Mr. Schulze: That's right. . .

At the May 5 hearing the parties also discussed document discovery, which was on-going despite the March 31 cutoff for all discovery. Counsel for Plaintiffs indicated that he still was waiting to receive responses to interrogatories and requests to produce and a privilege log from the Kotter Defendants. As they admit in their response, the Kotter Defendants did not respond to the outstanding written discovery or complete document production until the end of May. Defendant Geldes also produced additional documents, approximately 30 pages worth, as late as July 15, 2009. Geldes produced these documents following her June 18, 2009 deposition, during which she stated that she had not looked for responsive documents on one of her computer drives. One of the documents Geldes produced on July 15, 2009 is an unsigned draft of a letter dated February 9, 2007. The letter appears to have been drafted by Geldes and is addressed to Edward Doudera, an attorney in Camden, Maine. The letter states: "I represented Cherie Kotter and Donald Hedstrom in the purchase of 505 Lakeshore Drive unit 4705, Chicago, Illinois."

On May 15, 2009, Defendant Geldes filed a motion for summary judgment, arguing, *inter alia*, that Plaintiffs' failure to identify an expert on the standard of care entitles her to summary judgment in her favor on Plaintiffs' legal malpractice claim. The Kotter Defendants filed a motion for summary judgment on May 19, 2009.

In a letter dated July 21, 2009, counsel for Plaintiffs advised counsel for Defendants that Plaintiffs had retained an expert to testify regarding Defendants' professional obligations in the two real estate transactions at issue in this case. A few days later, on July 24, 2009, Plaintiffs filed a motion to compel production of documents and open expert discovery [68], which Defendants opposed. In their motion, Plaintiffs sought an order requiring Defendant Geldes to

3

(1) update her discovery responses to identify all persons who have knowledge of the underlying transactions; (2) produce or identify all communications with Defendant Kotter, whether or not they are contained in the "file" maintained for the transactions at issue; and (3) identify by Bates number all communications with the persons identified in her discovery responses and to produce all files and documents in her possession that bear in any way on the transactions at issue. Plaintiffs also moved for an order permitting them to depose each Defendant regarding the documents produced by Geldes in July 2009. Finally, Plaintiffs sought to proceed with expert discovery.

On August 12, 2009, Magistrate Judge Valdez held a hearing on Plaintiff's motion to compel and open expert discovery. At the hearing and in their motion, Plaintiffs argued that they were waiting to conduct expert discovery until Defendants had produced all of their documents, because doing so any earlier would have been wasteful as the expert would need to complete additional reports addressing documents in the untimely productions. For example, according to Plaintiffs, the newly produced documents – in particular the February 9, 2007 draft letter – are the type of documents a standard of care expert would need to address.

At the hearing, Magistrate Judge Valdez noted that "the standard of care issues have always been in play in this case," and asked Plaintiffs' counsel what information in the July production "solidifies in your mind that you should have an expert" regarding standard of care. Plaintiffs' attorney explained that he needs an expert to testify regarding the February 9, 2007 draft letter. Magistrate Judge Valdez concluded that the new documents did not raise a new issue because the standard of care had always been an issue in the case, and denied Plaintiffs' motion to open expert discovery on that basis.

With respect to Plaintiff's motion to compel documents from Defendant Geldes, Magistrate Judge Valdez ordered Geldes to certify to Plaintiffs' counsel that she had searched through all of her files and complied with her discovery obligations within three days. On August 14, 2009, Geldes produced an affidavit to Plaintiffs, attesting to the fact that she had produced all documents in her electronic and paper files relating to Donald Hedstrom, Kotter, or the underlying real estate transactions.

## II.  Standard of Review

Where a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). Routine discovery motions are considered to be "nondispositive" within the meaning of Rule 72(a). *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *American Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, 1988 WL 2788, at *1 (N.D. Ill. Jan. 8, 1988). Rather, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). That standard of review is consistent with the view that the judge who issued the discovery order at issue is in the best position to determine whether the parties have complied with it. See *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670-71 (7th Cir. 1996). Plaintiff objects to two specific rulings encompassed within Magistrate Judge Valdez's August 12, 2009 order. The Court will analyze each objection in turn.

**III.    Analysis**

   **A.    Motion to Reopen Expert Discovery**

Plaintiffs' motion to reopen expert discovery implicates three Federal Rules of Civil Procedure – Rules 16, 26, and 37.  Plaintiffs' motion essentially seeks to modify a scheduling order, which is governed by Rule 16(b)(4).  That rule provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure directs each party to disclose its expert opinion reports "at the times and in the sequence directed by the court."  Fed. R. Civ. P. 26(a)(2)(C).  Here, Magistrate Judge Valdez entered a scheduling order [35] on October 28, 2008, requiring Plaintiffs to disclose their experts on or before January 30, 2009.  However, Plaintiffs did not disclose their expert until July 21, 2009, more than two months after Defendants filed motions for summary judgment.  Under Rule 37, "[f]ailure to comply with Rule 26(a)(2)'s requirements results in sanction:  the offending party is not allowed to introduce the expert witness's testimony as 'evidence on a motion, at a hearing, or at a trial.'"  *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (quoting Fed. R. Civ. P. 37(c)(1)).

Taking into account all of the relevant circumstances, this Court cannot conclude that Magistrate Judge Valdez's determination that Plaintiffs failed to show good cause to extend the expert discovery deadlines was clearly erroneous.  And Plaintiffs' failure to comply with the expert discovery deadline in the scheduling order clearly violated Rule 26(a)(2)(C).  The Seventh Circuit has advised that the sanction of exclusion under Rule 37 "is 'automatic and mandatory' unless the offending party can establish 'that its violation of Rule 26(a)(2) was either justified or harmless.'"  *Id.* (quoting *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003).  "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad

6

discretion of the district court." *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.,* 100 F.3d 1353, 1363 (7th Cir. 1996). The Seventh Circuit has "indicated that the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)).

Plaintiffs contend that their failure to comply with the January 30 deadline was both justified and harmless, and that Magistrate Judge Valdez's August 12 order therefore was clearly erroneous. According to Plaintiffs, their late disclosure was justified because Defendants were in violation of their discovery obligations through late Spring or Summer of 2009. In particular, the Kotter Defendants did not respond to outstanding written discovery or complete their document production until the end of May, while Defendant Geldes failed to search certain electronic files for responsive documents until July 2009. Plaintiffs claim that they could not complete expert discovery until they received all pertinent documents from Defendants because their expert would have needed to assess those documents in drafting a report. Plaintiffs also contend that all parties and Magistrate Judge Valdez knew, as of March 4, 2009, that Plaintiffs intended to designate an expert following the completion of fact discovery.

However, Plaintiffs point to nothing in the transcript of the March 4, 2009 hearing or elsewhere indicating that Defendants or Magistrate Judge Valdez understood that Plaintiffs believed that they were entitled to wait until all fact discovery was completed to disclose any

7

experts. Nor does the original discovery schedule suggest that Judge Valdez intended fact discovery to be complete before experts were retained, as Plaintiffs contend. Rather, the discovery schedule set identical January 30 deadlines for the disclosure of Plaintiffs' experts and the close of fact discovery. Therefore, even if all deadlines had been met, Plaintiffs would not have been able to wait to disclose their expert until after that expert had reviewed all fact discovery. Moreover, Plaintiffs disregarded Magistrate Judge Valdez's clear instructions at the March 4 status hearing, when she gave the parties two options for extending the discovery deadlines – either through a written stipulation or a motion to the Court. Finally, when Magistrate Judge Valdez explicitly asked Plaintiffs' counsel at the May 5 status hearing whether Plaintiffs intended to identify experts, Plaintiffs' counsel did not take that opportunity to apprise Magistrate Judge Valdez of Plaintiffs' intent to disclose an expert. In view of all of the foregoing circumstances, the Court cannot conclude that Plaintiffs' failure to obtain (or at least to ask for) an extension of the deadline for disclosing an expert prior to Plaintiff's attempt to disclose an expert in July 2009 was justified.

Plaintiffs contend that their late expert disclosure is harmless because it merely allows the case to be decided on its merits. But Plaintiffs ignore the fact that Defendants have incurred the cost of preparing motions for summary judgment. And Plaintiffs were aware that Defendants planned to file motions for summary judgment, as counsel for Defendant Geldes stated at the May 5 hearing that "we may be moving for summary judgment before three weeks is up."[1]

---

[1] Plaintiffs' reliance on *Sherrod v. Lingle,* 223 F.3d 605 (7th Cir. 2000), is misplaced. In *Sherrod*, the party seeking to rely on expert testimony disclosed the names of both of his experts and their initial reports well before the deadline and simply was seeking to reopen discovery in order to file updated reports. *Id*. at 612-13. In addition, the Seventh Circuit found that there was no indication that the defendants had been harmed by the discovery violation. *Id*. at 613. Accordingly, "on the facts of th[e] case," the court held that the district court abused its discretion by excluding the experts. *Id*. Here, by contrast, no expert disclosures whatsoever were made prior to the deadline – or, indeed, for several

Finally, Plaintiffs contend that Magistrate Judge Valdez's refusal to reopen expert discovery imposes a "grossly disproportionate" sanction on them, in light of the fact that Defendants also failed to comply with their discovery obligations, but were not sanctioned. While the pertinent case law plainly allows the judge supervising discovery to take into account the fault of both sides in considering requests to extend or reopen discovery (see *Sherrod*, 223 F.3d at 613), it also is within the court's discretion to uphold the principle that one side's interference with the discovery process "is not an excuse for [the other side's] inaction." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 340 n.11 (N.D. Ill. 2005). The circumstances here present the not uncommon situation in which the Magistrate Judge reasonably could have gone either way, and thus her decision to deny Plaintiffs' motion was not an abuse of discretion. See, *e.g.*, *American Motors Corp.*, 1988 WL 2788, at *1 (a reviewing court should not overturn a decision as clearly erroneous "if there are two permissible views" on the matter in dispute). For all of the foregoing reasons, Plaintiffs' request for an order allowing expert discovery to proceed is denied.

### B. Motion to Compel Additional Discovery from Defendant Geldes

Plaintiffs also object to Magistrate Judge Valdez's August 12 order to the extent that it denied their request that Defendant Geldes be ordered to update her discovery responses and produce certain documents. Instead, Magistrate Judge Valdez ordered Geldes to provide Plaintiffs, within seven days, an affidavit certifying that all relevant discovery had been produced. The Court finds that Magistrate Judge Valdez's order provided for a reasonable resolution of the discovery disputes, and therefore was not an abuse of discretion. Plaintiffs'

---

months thereafter. In addition, as noted above, Defendants here can point to the harm of preparing summary judgment motions and briefs with the understanding from the discussion at the May 5 status hearing that there would be no experts, only to find out a few months later that Plaintiff did wish to disclose an expert after all.

objections as to that portion of the order are overruled, subject to the caveat that Defendants of course must honor their duty to supplement their prior responses to the extent that they have not already done so.

Finally, Plaintiffs' request that this Court enter an order allowing them to depose each Defendant on documents that were produced untimely by Geldes in July, 2009 is denied without prejudice. Plaintiffs have not raised this issue with Magistrate Judge Valdez. To the extent that Plaintiffs wish to take up this matter, they should do so promptly – first with opposing counsel and then, if necessary, before Magistrate Judge Valdez. The stay of briefing on the summary judgment motions [see 79] will remain in place at least until the next status conference before Judge Valdez. After any further discovery issues are resolved, Judge Valdez will lift the stay and enter a revised briefing schedule.

### III. Conclusion

For the foregoing reasons, Plaintiffs' objections [75] are overruled and Magistrate Judge Valdez's August 12, 2009 order [72] is affirmed.

Dated: November 12, 2009

Robert M. Dow, Jr.
United States District Judge